PURINTON *v.* LADD.

Chapter 55, Laws of 1872, is a revision of and substitute for all the previous statutes prohibiting the catching of trout, and as no way is provided for the recovery of the penalty fixed by it, such recovery may be had under Gen. St., *c.* 248, *s.* 1.

Chapter 70, Laws of 1874, does not repeal c. 55, Laws of 1872, but is in aid
of its provisions.

A declaration for the recovery of a penalty, of ten dollars each, for the catch-
ing of twenty trout on the same day from the same brook, is not bad for
duplicity.

DEBT, to recover a penalty of two hundred dollars for catching, with
a hook, twenty trout, April 20, 1877. The defendant demurred, because
(1) such penalty cannot be recovered in an action of debt; (2) prosecu-
tions for the violation of the law for the preservation of trout should
be by complaint by the fish-wardens before a justice of the peace; (3)
the declaration is bad for duplicity, in that it embraces more than one
offence, and is for the recovery of more than one penalty.

*Edes & Newton*, for the defendant.

*Burke* and *Brown*, for the plaintiff.

STANLEY, J. "All penalties and forfeitures of money may be recov-
ered by action of debt,    *   *   *    unless otherwise provided." Gen.
St., c. 248, s. 1. The penalty sought to be recovered in this suit is
fixed by c. 55, Laws of 1872. That statute is not in addition to or in
amendment of any preceding statute. It establishes the time within
which it is unlawful to catch trout, and fixes a penalty of ten dollars
for each trout caught in violation of its provisions. It is silent as to
the method of recovering the penalty for its violation. It, in terms,
repeals all acts inconsistent with it. It is a revision of all former stat-
utes on the same subject-matter, and was evidently designed as a sub-
stitute for them, though no words to that effect were used. It declared
the rule to be followed, and as it is the most recent and authoritative
expression of the legislative will, it must prevail—*Leighton* v. *Walker*,
9 N. H. 59 ; *Wakefield* v. *Phelps*, 37 N. H. 295 ; *State* v. *Otis*, 42 N. H.
71 ; *State* v. *Wilson*, 43 N. H. 415 ;—and since no way is provided in
that act for the recovery of the penalty, the provisions of c. 248, s. 1,
apply, and the recovery must be had under that statute.

Assuming this position to be correct, the defendant claims that c. 55,
Laws of 1872, is repealed by c. 70, Laws of 1874. There is no repeal
in express terms. Repeals by implication are not favored. In order
to such repeal there must be such a positive repugnancy as shows
that the legislature intend a repeal. In this case no such repugnancy
appears. The provisions of c. 70, Laws of 1874, are not inconsistent
with the provisions of c. 55, Laws of 1872, or the provisions of Gen.
St., c. 248, s. 1. While the act of 1874 provides for the appointment
of fish-wardens and defines their duties, it does not prohibit others
from assisting in the enforcement of the law. It does not confer upon
the fish-wardens the sole and exclusive duty of enforcing the laws for
the preservation of trout. It merely defines their duty and the means
they shall employ in doing it. The remedy is cumulative.

The objection of duplicity is based on the fact that the plaintiff seeks to recover twenty sums of ten dollars each for taking twenty trout. The declaration charges the taking of twenty trout on one day from the same stream. The object of pleading is the production of a single issue on the same subject-matter, and the rule against duplicity tends to this result. Chit. Pl. 225. This declaration charges a single offence, the subject-matter of which is the catching of trout in violation of law. It is not, therefore, open to the charge of duplicity.

*Demurrer overruled.*

ALLEN, J., did not sit : the others concurred.